UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE BRICKLAYERS
AND ALLIED CRAFTWORKERS,
LOCAL 5 NEW YORK RETIREMENT,
WELFARE, LABOR MANAGEMENT
COALITION and APPRENTICE
TRAINING AND JOURNEYMEN
UPGRADING FUNDS and BRICK-
LAYERS AND ALLIED CRAFT-
WORKERS LOCAL 5 NEW YORK

    Plaintiff,

-against-

DE CORA CONSTRUCTION & SONS,
INC., and DE CORA CONSTRUCTION,
LLC and FRANCISCO TAVARES,
Individually, and ROBIN WITT a/k/a
ROBERT WITT, Individually,

    DefendantS.

---

**MEMO ENDORSED**

09 Civ. 7163 (KMK)(LMS)

REPORT AND
RECOMMENDATION

TO:  HONORABLE KENNETH M KARAS, U.S.D.J

  This action was commenced on August 13, 2009, by the above named plaintiffs (herein, "Plaintiffs" or "Bricklayers") against Defendants De Cora Construction & Sons, Inc., De Cora Construction, LLC (both herein, "De Cora"), and Francisco Tavares (herein, "Tavares") to "recover delinquent contributions owed to employee fringe benefit trust Funds and dues owed to the Union; audit the books and records of the defendants; obtain an injunction compelling defendants' compliance with a collective bargaining agreement; and obtain judicial declaration as to the rights and obligations of the parties with respect to the collective bargaining

1

agreement." Complaint, Docket #1, at 1-2. These claims are brought under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, *et seq.*, (herein, "ERISA") and §301 Labor Management Relations Act (herein, "LMRA"), 29 U.S.C. §185. Id. Default Judgment was granted against Defendants De Cora Construction & Sons, Inc. and De Cora Construction, LLC in the amount of $70,478.07 on March 15, 2010, by Your Honor. Default Judgment, Docket #16. Defendant Tavares has answered and appeared in this case. Answer, Docket #19.

The parties consented to my jurisdiction on September 14, 2010 (Consent to Jurisdiction, Docket #26), and an Amended Complaint was filed adding Defendant Robin Witt, a/k/a Robert Witt (herein, "Witt") on October 29, 2010. Amended Complaint, Docket #28. Defendant Tavares answered the Amended Complaint (Answer, Docket #32) but Defendant Witt failed to answer or appear in this action although he was properly served and notified. Certificate of Service, Docket #33. Plaintiffs requested and received a Clerk's Certificate stating that Defendant Witt "has not filed an appearance or answered or moved against the Amended Complaint and that the time to do so has expired. The default of defendant is hereby noted." Docket #39, Clerk's Certificate. By application to this Court, Plaintiffs seek a default judgment against Defendant Witt pursuant to Fed. R.Civ. P. 55(b)(2). However, because Defendant Witt has not answered or entered an appearance in this case, he has not given his consent to proceed before me for all purposes. Thus, I am only able to address Plaintiff's request for a Default Judgment with regard to Defendant Witt by Report and Recommendation to Your Honor.

Additionally, the Default Judgment issued by Your Honor against Defendants De Cora Construction & Sons, Inc. and De Cora Construction, LLC, which included a defined monetary component, was vacated on the consent of the parties with the understanding that Your Honor

would issue a revised Notice of Default against those Defendants at this time and that a Default Judgment would be issued when the instant case against the remaining Defendant is finally adjudicated, and a damage award is determined. Docket #38, Order. For the following reasons, I conclude, and respectfully recommend that Your Honor should conclude, that a Notice of Default should be issued as against Defendant Witt. I also respectfully recommend that Your Honor include in the same Notice of Default a revised notice against Defendants De Cora Construction & Sons, Inc. and De Cora Construction, LLC.

Plaintiffs have submitted to the Court the Clerk's Certificate of Default and a copy of the Certificate of Service showing that Defendant Witt was personally served with the papers in this action on November 12, 2010. Defendant Witt has not appeared, answered or moved against the Amended Complaint and the time to do has expired. Therefore, I conclude, and I respectfully recommend that Your Honor should conclude, that Defendant Witt is in default and a Notice of Default should be entered against Defendant Witt. Since Defendant Tavares still remains a party to this action, an accounting of the defined damages to be awarded to Plaintiffs from Defendant Witt, as well as Defendants De Cora Construction & Sons, Inc. and De Cora Construction, LLC, must await the final adjudication of this matter.

## V.     CONCLUSION

Therefore, I conclude, and I respectfully recommend that Your Honor should conclude, that a Notice of Default should be entered against Defendants De Cora Construction & Sons, Inc., De Cora Construction, LLC, and Robin Witt, a.k.a. Robert Witt.

## VI.    NOTICE

To ensure that the defaulting Defendants have an opportunity to consider whether to belatedly file an appearance in this case, thus enabling them to file objections to this Report and

Recommendation, Plaintiff is hereby directed to provide copies of this Report and Recommendation to the defaulting Defendants by service through the United States Mail. Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) working days from the date hereof, to file written objections to this Report and Recommendation. See Fed. R. Civ. P. 6(a). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Kenneth M. Karas, United States Courthouse, Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Karas.

Dated: July 7, 2011
White Plains, New York

Respectfully Submitted,

LISA MARGARET SMITH
United States Magistrate Judge
Southern District of New York

Copies of the foregoing Report and Recommendation have been sent to the following:

The Honorable Kenneth M. Karas

Elizabeth Corrado
Gellert & Klein, P.C.,
75 Washington Street
Poughkeepsie, NY 12601

Robin Witt a/k/a Robert Witt

The R+R is adopted in its entirety. The Court has received no objections, thus requiring only plain error review, but the Court would reach the same conclusion on a de novo review. So ordered. 9/19/11

4

4 Longledge Drive
Port Chester, New York 10573

Gary A. Cusano
Kuczinski, Vila & Associates, LLP
220 White Plains Road
Tarrytown, New York 10591